UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LENARD LUCKETT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:24-CV-1467-NCC |
| | ) |
| GUARDIAN LIFE INSURANCE COMPANY OF AMERICA, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on a Motion for Remand by Plaintiff Lenard Luckett and a Motion to Dismiss and to Strike Demand for Jury Trial by Defendant Guardian Life Insurance Company of America ("Defendant" or "Guardian").[1] Plaintiff alleges that Defendant failed to pay the proceeds of his deceased brother's life insurance policy to him as sole beneficiary, and that he was thereby damaged. The time for briefing has elapsed and the motions are ready for disposition.[2] The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to Title 28 U.S.C. § 636(c) (Doc. 21).

Defendant seeks dismissal of the action due to preemption by the Employee Retirement and Income Security Act (ERISA), 29 U.S.C. § 1001 *et seq.* Plaintiff seeks remand of the action to state court on the basis that ERISA does not apply to his claims and therefore this Court lacks

---

[1] On October 1, 2024, Plaintiff filed this action in the Circuit Court of the City of St. Louis, Missouri alleging damages resulting from Defendant's failure to pay the proceeds of a life insurance policy to him as sole beneficiary (Doc. 1-1). On November 1, 2024, Defendant removed the action to this Court based on federal question jurisdiction (Doc. 1).

[2] On the date Plaintiff's response to Defendant's Motion to Dismiss (Doc. 7) was due under Local Rule 4.01, Plaintiff did not file a response but instead filed his Motion for Remand (Doc. 9). Defendant filed a Memorandum in Opposition to Plaintiff's motion (Doc. 23). Plaintiff has not filed a reply and the time for doing so has elapsed.

federal question jurisdiction. For the following reasons, Defendant's motion will be **GRANTED** and Plaintiff's motion will be **DENIED**.

### I. Factual Background[3]

Curtis Saahir, deceased, was employed by Laminated and Fabricated Panels, LLC ("LFP"). During his employment and at the time of his death, Mr. Saahir was insured under a policy of life insurance issued by Defendant and held by LFP as part of a group plan (Group Plan Number 00558672) (hereafter, "Group Plan"). Mr. Saahir paid all premiums due on the policy and named Plaintiff the sole beneficiary under the policy. However, upon Mr. Saahir's death, Defendant only paid a portion of Mr. Saahir's life insurance proceeds to Plaintiff and paid the remaining portions of the proceeds to Mr. Saahir's heirs. Plaintiff asserts that Defendant's actions caused him emotional distress and damaged him by depriving him of the full benefits of Mr. Saahir's life insurance policy.

### II. The Parties' Arguments

In support of its motion to dismiss, Defendant argues that Plaintiff's state common law claims are preempted by ERISA, both through complete and express preemption. Defendant further argues that Plaintiff has failed to state a claim for relief under ERISA because extra-contractual damages are not recoverable under ERISA.

In support of his motion for remand, Plaintiff argues he is not seeking benefits under an ERISA plan, but rather seeking remedies based on common law contract, intestacy, and negligence principles. He further argues that ERISA does not govern his brother's life insurance policy because the policy was not a benefit subsidized by his brother's employer, but instead an election his brother purchased through payroll deductions. Plaintiff asserts that the Court does

---

[3] The following facts are taken from the complaint (Doc. 5). For the purposes of this motion to dismiss, the facts are accepted as true.

2

not need to consult ERISA plan terms to resolve his claims and therefore federal court jurisdiction is inappropriate.

Defendant responds that the Group Plan is an employment benefit plan under ERISA and, because Plaintiff's state law claims arise from the administration of an ERISA plan's benefits, federal question jurisdiction exists, and ERISA preempts his claims.

### III. Legal Standard

#### A. Motion for Remand

"A defendant may remove a state law claim to federal court only if the action originally could have been filed there." *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 619 (8th Cir. 2010) (citing *Phipps v. FDIC*, 417 F.3d 1006, 1010 (8th Cir. 2005)). The removing defendant bears the burden of establishing federal jurisdiction by a preponderance of the evidence. *Altimore v. Mount Mercy Coll.*, 420 F.3d 763, 768 (8th Cir. 2005). "All doubts about federal jurisdiction should be resolved in favor of remand to state court." *In re Prempro*, 591 F.3d at 620 (citing *Wilkinson v. Shackelford*, 478 F.3d 957, 963 (8th Cir. 2007)).

A defendant, as the party seeking removal and opposing remand, bears the burden of establishing federal subject matter jurisdiction. *See In re Business Men's Assur. Co. of Am.,* 992 F.2d 181, 183 (8th Cir.1993) (per curiam). "[F]ederal question jurisdiction extends only to civil actions arising under the Constitution, laws, or treaties of the United States." *McLain v. Andersen Corp.,* 567 F.3d 956, 963 (8th Cir. 2009) (quotations and citation omitted). "Removal based on federal question jurisdiction is governed by the well pleaded complaint rule: jurisdiction is established only if a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id.* (quotation and citation omitted). However, there is an exception to the well-pleaded complaint rule: "[w]hen a federal statute wholly displaces the state-law cause of action through complete pre-emption, the state claim can be removed." *Id.* at

3

964 (quoting *Aetna Health Inc. v. Davila,* 542 U.S. 200, 207–08 (2004)).  "Once an area of state law has been completely pre-empted, any claim purportedly based on that preempted state law is considered, from its inception, a federal claim, and therefore arises under federal law." *Caterpillar Inc. v. Williams,* 482 U.S. 386, 393 (1987).

### B. Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(6) provides for a motion to dismiss based on the "failure to state a claim upon which relief can be granted."  To survive a motion to dismiss, a complaint must show "'that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the … claim is and the grounds upon which it rests.'"  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to defeat a motion to dismiss.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).  "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss."  *Iqbal*, 556 U.S. at 679 (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Iqbal*, 556 U.S. at 678 (citation omitted).  The pleading standard of Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

"When ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  But "[c]ourts are not bound to accept as true a legal conclusion couched as factual allegations, and factual allegations must be enough to raise a right to relief above the speculative level."  *Torti v. Hoag*, 868 F.3d 666, 671 (8th Cir. 2017) (quoting *Twombly*, 550 U.S. at 555).

4

## IV.  Discussion

While "[o]ther courts have elected to treat the existence or non-existence of an ERISA plan as going to the merits of the claim rather than to jurisdiction," in the Eighth Circuit, "the question is jurisdictional," and a court may not consider the merits of a claim if it does not find jurisdiction.  *Kulinski v. Medtronic Bio-Medicus, Inc.*, 21 F.3d 254, 256 (8th Cir. 1994).  Accordingly, the existence of an ERISA plan is a jurisdictional prerequisite where federal subject matter jurisdiction is based on a federal question under ERISA.  *Id*.  The Court therefore will turn first to the question of whether ERISA covers the life insurance policy central to Plaintiff's claim.  If ERISA covers the life insurance policy, the Court will then turn to the question of whether ERISA preempts Plaintiff's claim.

### A. ERISA Applicability

ERISA, 29 U.S.C. § 1002(1) defines an "employee welfare benefit plan" as: "any plan, fund, or program which ... is [ ] established or maintained by an employer ... to the extent that such plan ... was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance" certain benefits including those for medical, surgical, or hospital care in the event of sickness. "To qualify as a 'plan, fund, or program' under ERISA, a reasonable person must be able to 'ascertain the intended benefits, a class of beneficiaries, source of financing, and procedures for receiving benefits.'" *Nw. Airlines, Inc. v. Fed. Ins. Co.,* 32 F.3d 349, 354 (8th Cir. 1994) (quoting *Donovan v. Dillingham,* 688 F.2d 1367, 1373 (11th Cir. 1982); *Harris v. Arkansas Book Co.,* 794 F.2d 358, 360 (8th Cir. 1986)). Additionally, an employee welfare plan must be established or maintained by an employer.  29 U.S.C. § 1002(3).

Whether ERISA applies to a particular plan "is a mixed question of fact of law." *Kulinkski*, 21 F.3d at 256.  "The pivotal inquiry is whether the plan requires the establishment of

5

a separate, ongoing administrative scheme to administer the plan's benefits." *Id.* at 257 (citing *Fort Halifax Packing Co. v. Coyne,* 482 U.S. 1 (1987)). It is thus appropriate for the Court to consult the life insurance policy itself, and the related Group Plan, in determining whether ERISA applies. "Though matters outside the pleadings may not be considered in deciding a Rule 12 motion to dismiss, documents necessarily embraced by the complaint are not matters outside the pleadings." *Gorog v. Best Buy Co.*, 760 F.3d 787, 791 (8th Cir. 2014) (recognizing that contract documents attached to defendant's motion to dismiss were necessarily embraced by the pleadings and appropriately considered) (citations omitted). "[T]he contracts upon which [a] claim rests ... are evidently embraced by the pleadings." *Mattes v. ABC Plastics, Inc.,* 323 F.3d 695, 697 n. 4 (8th Cir. 2003). "In a case involving a contract, the court may examine the contract documents in deciding a motion to dismiss." *Stahl v. U.S. Dep't of Agric.,* 327 F.3d 697, 700 (8th Cir. 2003). *See also, Ruttenberg v. U.S. Life Ins. Co. in the City of New York,* 413 F.3d 652 (7th Cir. 2005) (applying normal principals of contract interpretation to an ERISA-related insurance policy).

    Here, Guardian has attached to its pending motion to dismiss a copy of the Group Plan (Exhibit A, Docs. 7-2, 7-3). The Group Plan lays out its provided benefits (including the Voluntary Term Life Insurance), the class of beneficiaries, the source of financing, and the procedures for receiving benefits. The Group Plan was established and maintained by LFP, who is the named Policyholder tasked with responsibility for managing the Group Plan's day-to-day operations. The Group Plan sets forth procedures by which plan participants may claim benefits, receive benefits, challenge the denial of benefits, and enforce their rights under ERISA. Accordingly, Court finds that LFP established and maintained the Group Plan as an employee welfare benefit plan governed by ERISA to provide life insurance benefits to employees.

    Plaintiff argues that, because Mr. Saahir paid for his life insurance policy through payroll

6

deductions and LFP did not contribute to payments on that policy, ERISA does not apply. Plaintiff appears to invoke the ERISA "safe harbor" provision:

> Certain group or group-type insurance programs offered by an insurer to employees are explicitly exempted from ERISA governance under the safe harbor provision. To satisfy the safe harbor exemption, four elements must be present: "(1) [n]o contributions are made by an employer or employee organization; (2) [p]articipation in the program is completely voluntary for employees or members; (3) [t]he sole functions of the employer ... with respect to the program are, without endorsing the program, to permit the insurer to publicize the program to employees or members, to collect premiums through payroll deductions or dues checkoffs and to remit them to the insurer; and (4) [t]he employer ... receives no consideration in the form of cash or otherwise in connection with the program, other than reasonable compensation, excluding any profit, for administrative services."

*Ibson v. United Healthcare Servs., Inc.*, 776 F.3d 941, 944–45 (8th Cir. 2014) (quoting 29 C.F.R. § 2510.3–1(j)). All four criteria must be met for a plan to qualify for this exemption from ERISA. *Id.* Here, Plaintiff has argued the existence of the first two criteria but makes no argument with respect to the other two.

Plaintiff's argument focuses on Mr. Saahir's individual policy. However, Mr. Saahir's policy existed only by virtue of the Group Plan that his employer, LFP, obtained from Guardian for the purpose of offering LFP employees the opportunity to purchase life insurance. But for the Group Plan, Mr. Saahir could not have obtained the optional life insurance benefits on the same terms, and therefore it is unfitting for the Court to evaluate ERISA coverage on the level of his individual policy. *See Yates v. Symetra Life Ins. Co.*, No. 4:19CV154 RLW, 2019 WL 4740159, at *2-*3 (E.D. Mo. Sept. 27, 2019) (approving that "courts should not isolate one benefit policy from an employer's broader insurance package for the purpose of determining ERISA's applicability" and finding that even if "[Plaintiff] made the premium payments pursuant to the voluntary accidental spousal death benefit policy, Defendant is correct that the policy is part of Defendant's broader insurance package that contained benefits paid for in whole

7

or in part by Defendant" and the policy was not exempt from ERISA). The Court will look to the scheme of the Group Plan to determine whether the safe harbor exemption applies.

Defendant correctly points out that, far from passive collection of premiums, LFP had an active role in the administration of benefits under the Group Plan. LFP held rights and undertook duties under the Group Plan, such as: maintaining a record of insured employees; providing information to Guardian bearing on the administration of the insurance under the Group Plan and on the determination of premium rates; delivering certificates to insured employees; notifying employees of their conversion rights under the Group Plan; and renewing and canceling the Group Plan. The Court finds that, because LFP did not merely "permit the insurer to publicize the program to employees or members" and collect premiums, at least one of the four "safe harbor" criteria is not met and therefore the exception to ERISA coverage does not apply. *See Dam v. Life Ins. Co. of N. Am.*, 206 F. App'x 626, 626-27 (8th Cir. 2006) (noting the strictness of the safe harbor requirements and that the failure to meet one renders the exception inapplicable).

Because the Court's review confirms that the Group Plan was procured, established, and maintained by LFP for the benefit of its employees, the Court concludes that the Group Plan—and the life insurance policy it afforded Mr. Saahir—qualifies as an ERISA plan. *See Ibson*, 776 F.3d at 944 (discussing § 1002(1)). Having found that ERISA applies to the policy in question, the Court will now turn to whether ERISA preempts Plaintiff's claims.

**B. ERISA Preemption**

Defendant invokes both complete and express ERISA preemption as separate grounds in support of their argument in the pending motion to dismiss. Plaintiff argues that neither type of preemption applies.

The Supreme Court explained in *Aetna Health Inc. v. Davila*, 542 U.S. 200, 208 (2004),

8

that the purpose of ERISA is to provide a "uniform regulatory regime over employee benefit plans" and to "protect ... the interests of participants in employee benefit plans and their beneficiaries."  ERISA contains "expansive preemption provisions," that are intended to ensure that employee benefit plan regulation is "exclusively a federal concern." *Id.*  The Court explained that "[t]he policy choices reflected in the inclusion of certain remedies and the exclusion of others under the federal scheme would be completely undermined if ERISA-plan participants and beneficiaries were free to obtain remedies under state law that Congress rejected in ERISA." *Id.* at 208-09 (quoting *Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. 41, 54 (1987)).  As emphasized by the Eighth Circuit, "[u]nder ERISA § 502, any suit by a plan participant to enforce benefits wrongfully denied that participant would be completely preempted." *Prudential Ins. Co. of Am. v. Nat'l Park Med. Ctr.,* 413 F.3d 897, 914 (8th Cir. 2005) (internal citations and quotation marks omitted).

In *Davila*, the Supreme Court established a two-part test with respect to how courts should resolve the pull of a plaintiff's state law theories away from ERISA's preemptive force. "If an individual, at some point in time, could have brought his claim under ERISA [ ], and where there is no other independent legal duty that is implicated by a defendant's actions, then the individual's cause of action is completely pre-empted by ERISA § 502(a)(1)(B)." *Davila*, 542 U.S. at 210.  Under the first part of *Davila*, the relevant issue is whether there is a nexus between Plaintiff, the Group Plan, and the issues raised in the complaint.

Here, the nexus is plain: Plaintiff's cause of action is based on Defendant's failure to pay benefits under an ERISA plan. *See Fink v. Dakotacare,* 324 F.3d 685, 689 (8th Cir. 2003) ("state law causes of action are completely preempted by ERISA when they arise from the administration of benefits") (internal quotation marks and citations omitted); *cf. Ibson*, 776 F.3d at 945–46 (holding that where plaintiff asserted, *inter alia*, negligence claim and argued that

9

"state-law claims concern[ed] [provider's] improper cancellation of her insurance policy," plaintiff "ignore[d] the essence of her claim—that [the provider] should have paid medical benefits under the ERISA-regulated plan and failed to do so—a claim that could be brought under ERISA").

The jurisprudence on express preemption imposes a similar standard. An essential element of ERISA's comprehensive regulatory scheme for the regulation of employee benefit plans is ERISA's supersedure clause, 29 U.S.C. § 1144(a), which provides:

> Except as provided in subsection (b) of this section, the provisions of this subchapter and subchapter III of this chapter shall *supersede any and all State laws* insofar as they may now or hereafter *relate to any employee benefit plan* described in section 1003(a) of this title and not exempt under section 1003(b) of this title.

(emphasis added). Consequently, "any state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore preempted" pursuant to ERISA. *Davila,* 542 U.S. at 209 (citations omitted). ERISA's regulatory mechanism "converts an ordinary state common law complaint into one stating a federal claim" where the state claims conflict with ERISA's supersedure clause. *Id.* (quoting *Metro. Life Ins. Co. v. Taylor,* 481 U.S. 58, 66 (1987)). The law of the Eighth Circuit states that a plaintiff's state law claims "relate to" an employee benefit plan, as provided in § 1144, if they have a "connection with" or "reference to such a plan." *Estes v. Fed. Express Corp.,* 417 F.3d 870, 871 (8th Cir. 2005); *see generally, Prudential,* 413 F.3d at 907 (defining the two types of ERISA preemption).

Plaintiff argues that because this is not a dispute about the substantive benefits, but instead about a procedural error—for he alleges that Defendant paid the policy, but simply to the wrong beneficiaries—ERISA does not apply to his cause of action. However, this argument improperly focuses on the form of his case over the substance. The Eighth Circuit has held that

10

state tort law "claims of misconduct against the administrator of an employee's [benefit] plan fall comfortably within ERISA's broad [express] preemption provision." *Shea v. Esensten*, 107 F.3d 625, 627 (8th Cir. 1997). "Courts consistently opt for preemption in common law tort claims when the essence of the cause of action rests on the denial of benefits." *Est. of Disabato v. Nat'l Automatic Sprinkler Indus. Welfare Fund*, No. 4:15-CV-828 JAR, 2016 WL 1182637, at *2 (E.D. Mo. Mar. 28, 2016) (citing cases) (internal quotation marks and alterations omitted). As in *Est. of Disabato*, "Plaintiff is essentially challenging the distribution of benefits under the Plans and seeking to recover benefits [he] believes are due" to him and the "essence of Plaintiff's claims, however characterized, is a denial of benefits." *Id.* Because Plaintiff "premises [his] cause of action on the existence of an ERISA plan," his claims "relate to" an employee benefit plan such that they are expressly preempted by ERISA. *Howard v. Coventry Health Care, of Iowa, Inc.,* 293 F.3d 442, 446 (8th Cir. 2002) (quoting *Prudential Ins. Co. of Am. v. Nat'l Park Med. Ctr., Inc.,* 154 F.3d 812, 822 (8th Cir. 1998)).

As for complete preemption, under the second part of the *Davila* test, the court must determine whether Defendant's actions implicate a legal duty independent from any arising under ERISA. *Davila,* 542 U.S. at 210. Defendant argues that Plaintiff's claims arise from the agreement to pay benefits under the Group Plan and that no independent legal duty is implicated. Plaintiff does not assert a specific legal duty independent of the terms of the life insurance policy.[4] Nor would the Court be persuaded that the actions complained of in this case give rise to an independent legal duty. *See Morris v. UNUM Provident Life Ins. Co*., No. 4:08CV1006

---

[4] Plaintiff appears to cite *Affiliated Dialysis of Juliette, LLC v. Healthcare Service Corporation*, 2024 WL 1195607 (N.D. Ill. Mar. 20, 2024) for its holding that an insurer has an independent legal duty to pay separate from its other duties under an ERISA plan. However, the Court notes that *Affiliated Dialysis* addressed a service agreement between a medical provider and an insurer; the right of payment addressed by the court was payment for *services rendered* by the provider. 2024 WL 1195607 at *3. The court in *Affiliated Dialysis* did not address a beneficiary's right to receive payment under an ERISA-covered life insurance policy. The Court therefore finds *Affiliated Dialysis* inapposite to the present case.

11

RWS, 2008 WL 4378431, at * 1 (E.D.Mo. Sept. 23, 2008) (holding state law claims asserting breach of contract, intentional and negligent infliction of emotional distress, and vexatious refusal to pay were preempted by ERISA, denying the plaintiff's motion to remand, and granting the defendants' motion to dismiss for failure to state a claim).  It follows that Plaintiff's state law claims are likewise completely preempted because: (1) Plaintiff would not have a claim against Defendant but for the existence of the ERISA plan, and (2) there is no other independent legal duty that is implicated by Defendants' actions.  *Davila,* 542 U.S. at 210.  Plaintiff's state law claims do not raise a legal duty independent of ERISA, but instead derive entirely from the "particular rights and obligations established by the benefit plan[]" at issue.  *Id.* at 213.  Were the Court to find Defendant liable to Plaintiff, such liability would only exist because of Defendant's role as the insurer in LFP's ERISA-covered benefit plan.  Such state-law liability is preempted. *See Prudential,* 413 F.3d at 914 ("[A] state-law cause of action need not duplicate an ERISA provision to be preempted. Rather, a state-law cause of action is preempted if it arises from a duty created by ERISA or the terms of the relevant health benefit plan.") (internal citations omitted).

In sum, the Court finds that Plaintiff's claims in the complaint are preempted by ERISA, *see* 29 U.S.C. § 1144; *Davila,* 542 U.S. 200; *Prudential,* 413 F.3d at 914; *Estes,* 417 F.3d at 871.  Therefore, the Court further finds that removal based on federal question jurisdiction was proper and that the complaint should be dismissed.

## V. Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand (Doc. 9) is **DENIED.**

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss (Doc. 7) is **GRANTED** and this action is **DISMISSED without prejudice**.

A separate Judgment shall accompany this Memorandum and Order.

Dated this 30th day of May, 2025.

                                                          /s/ Noelle C. Collins
                                                          NOELLE C. COLLINS
                                                          UNITED STATES MAGISTRATE JUDGE